UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA GUSTAFSON FEIS, *et al.*,

    Plaintiffs,

 v.

KEITH MAYO, *et al.*,

    Defendants.

Case No. C23-462-MLP

ORDER

  This matter is before the Court on Defendant Swedish Health Services' ("Swedish") Joint Motion for Summary Judgment ("Defendants' Motion" (dkt. # 45)), joined by Defendants Proliance Surgeons, Inc. and Christopher Boone, M.D. (dkt. # 47), and by Defendant Dr. Keith Mayo (dkt. # 48) (collectively, "Defendants"). Plaintiffs Lisa Gustafson Feis and Julien Feis (together, "Plaintiffs") filed an opposition (Pls.' Resp. (dkt. # 50)), Defendants filed a reply (Defs.' Reply (dkt. # 51)), and Plaintiffs filed a surreply (Pls.' Surreply (dkt. # 53)).

  The Court held oral argument on October 25, 2023. (Dkt. # 55.) Having considered the parties' submissions, oral argument, the governing law, and the balance of the record, the Court DENIES Defendants' Motion (dkt. # 45) without prejudice.

ORDER - 1

## I. BACKGROUND

Plaintiffs filed the instant action in March 2023. (Dkt. # 1.) Plaintiffs allege Defendants "performed incorrect surgeries" on Ms. Feis, resulting in crippling and debilitating injuries. (Am. Compl. (dkt. # 33) at ¶¶ 16-17.) Plaintiffs bring claims pursuant to Washington's medical negligence statute, Ch. 7.70 RCW. (*Id.* at ¶ 5.)

Defendants' Motion was filed August 8, 2023. (Defs.' Mot.) Expert witness disclosures and reports are due by January 8, 2024. (Dkt. # 49.) Discovery is currently scheduled to close February 23, 2024, and the dispositive motions deadline is March 18, 2024. (*Id.*)

## II. DISCUSSION

### A. Legal Standards

Summary judgment is appropriate when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of showing the Court "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v.*

ORDER - 2

*Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Id*. at 585-87.

Genuine disputes are those for which the evidence is such that a "reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 257. It is the nonmoving party's responsibility to "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoted source omitted). The Court need not "scour the record in search of a genuine issue of triable fact." *Id.* (quoted source omitted); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *see McElyea v. Babbitt*, 833 F.2d 196, 197-98 n.1 (9th Cir. 1987) (per curiam).

### B.     Medical Negligence Standards

A plaintiff may establish a medical malpractice claim by showing that injury resulted from: (1) "the failure of a health care provider to follow the accepted standard of care"; (2) that a provider promised the injury would not occur; or (3) "health care to which the patient or his or her representative did not consent." RCW 7.70.030. Plaintiffs appear to allege standard of care and consent claims. (*See* Am. Compl. at ¶¶ 12, 243-48, 282-84, 357.)

Standard of care claims require evidence that the provider "failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at that time in the profession or class to which he or she belongs, in the state of Washington, acting in the same or similar circumstances" and "[s]uch failure was a proximate cause of the injury complained of." RCW 7.70.040(1).

Informed consent claims require evidence that: (1) "the health care provider failed to inform the patient of a material fact or facts relating to the treatment;" (2) "the patient consented to the treatment without being aware of or fully informed of such material fact or facts;" (3) "a reasonably prudent patient under similar circumstances would not have consented to the treatment if informed of such material fact or facts;" and (4) "the treatment in question proximately caused injury to the patient." RCW 7.70.050(1). "Material facts [that] must be established by expert testimony" include:

   (a)   The nature and character of the treatment proposed and administered;

   (b)   The anticipated results of the treatment proposed and administered;

   (c)   The recognized possible alternative forms of treatment; or

   (d)   The recognized serious possible risks, complications, and anticipated benefits involved in the treatment administered and in the recognized possible alternative forms of treatment, including nontreatment.

RCW 7.70.050(2).

### C.   Analysis

Defendants argue Plaintiffs have failed to present expert testimony showing Defendants violated the standard of care. (Defs.' Mot. at 10.) Defendants point to a report by Barbara Farris Snell, RN, BSN, LMHC, which was disclosed by Plaintiffs, as insufficient. (Defs.' Mot. at 4; Dirini Decl. (dkt. # 46) at ¶ 2, Ex. 1.) Ms. Snell reviewed unspecified documents and gave her "initial impression" that Dr. Mayo's negligence proximately caused Ms. Feis' injuries. (Dirini Decl., Ex. 1 at 1.) Ms. Snell recommended Plaintiffs collect certain medical records, depose other doctors who treated Ms. Feis, and obtain "a neurosurgeon and orthopedist to speak to the Standard of Care that I believe was breached." (*Id.* at 6.) Defendants argue that Ms. Snell is, as she stated herself, "not an expert on Standard of Care for orthopedics surgery nor neurosurgery,"

ORDER - 4

and moreover is not a physician, and thus cannot provide an expert opinion as to whether a physician breached the standard of care. (Defs.' Mot. at 10.)

Plaintiffs do not contend that Ms. Snell's report is sufficient to establish their claims. (Pls.' Resp. at 7 (arguing that Ms. Snell's report "is not the basis of the Feis' claim, nor is it the main supporting documentation.")).) Instead, Plaintiffs argue that no medical expert opinion is required here because a reasonable layperson can understand the medical evidence that proves negligence and deviation from the standard of care. (*Id.* at 2.) Even if expert testimony is required, Plaintiffs point out that expert witness disclosures and reports are not due until January 8, 2024. (Pls.' Surreply at 2.) They note that discovery is "not close to being closed" and request the Court allow discovery to continue in accordance with the scheduling order. (Pls.' Resp. at 1-2.)

Plaintiffs fail to establish that no expert testimony is needed here. "Medical facts in particular must be proven by expert testimony unless they are 'observable by [a layperson's] senses and describable without medical training'." *Harris v. Robert C. Groth, M.D., Inc., P.S.*, 99 Wn.2d 438, 449 (Wash. 1983). "Thus, expert testimony will generally be necessary to establish the standard of care and most aspects of causation." *Id.* (internal citations omitted). While Plaintiffs assert that the facts at issue here are observable by a layperson, they fail to produce any evidence in support of their assertion. "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (cleaned up). Such specific facts must be supported by "citing to particular parts of materials in the record[.]" Fed. R. Civ. P. 56(c)(1)(A).

ORDER - 5

Plaintiffs still have nearly three months to obtain and disclose expert witnesses, however. (*See* dkt. # 49.) Discovery will not be complete for four months. (*Id.*) Defendants offer no evidence that Plaintiffs will be unable to produce an appropriate expert witness within these deadlines. At oral argument, Plaintiffs stated they were in the process of finding an expert witness and noted that some of Ms. Feis' treating physicians may serve as such. (*See* dkt. # 55.) The Court concludes that granting summary judgment at this time would be premature.

### III. CONCLUSION

Accordingly, the Court DENIES Defendants' Motion (dkt. # 45) without prejudice.[1]

Dated this 26th day of October, 2023.

_____
MICHELLE L. PETERSON
United States Magistrate Judge

---

[1] The parties are reminded of the Court's meet and confer requirement before filing any motion. *See* Judge Michelle L. Peterson Procedures, *available at* https://www.wawd.uscourts.gov/judges/peterson-procedures (last accessed October 26, 2023).

ORDER - 6