1

2

3

4

5

6                              UNITED STATES DISTRICT COURT
                              WESTERN DISTRICT OF WASHINGTON
7                                       AT SEATTLE

8    LISA GUSTAFSON FEIS, *et al.*,

9                              Plaintiffs,                   Case No. C23-462-MLP

10             v.                                            ORDER

11   KEITH MAYO, *et al.*,

12                             Defendants.

13

14                           **I.      INTRODUCTION**

15          In this medical malpractice action, Plaintiffs Lisa Gustafson Feis and Julien Feis

16   (together, "Plaintiffs"), proceeding *pro se*, allege orthopedic surgeons Dr. Keith Mayo and Dr.

17   Christopher Boone violated Washington's medical negligence statute, Ch. 7.70 RCW, and

18   Swedish First Hill and Proliance Orthopaedics & Sports Medicine, respectively, are vicariously

19   liable. This matter is before the Court on three motions.[1]

20          First, Defendants Proliance Orthopaedics & Sports Medicine and Dr. Boone (together,

21   "Proliance Defendants") filed a Motion for Summary Judgment. (Proliance Mot. (dkt. # 68).)

22   Plaintiffs filed an opposition. (Pls.' Proliance Resp. (dkt. # 71).) Proliance Defendants filed a

23   _____

[1] The parties consented to proceed before the undersigned Magistrate Judge. (Dkt. # 17.)

ORDER - 1

reply on March 8, 2024 (Proliance Reply (dkt. # 77)), and a supplemental reply on April 12, 2024 (Proliance Suppl. Reply (dkt. # 95)).

Second, Swedish First Hill and Dr. Mayo (together, "Swedish Defendants") filed a Renewed Motion for Summary Judgment. (Swedish Mot. (dkt. # 80).) Swedish Defendants filed a reply (Swedish Reply (dkt. # 93)), and Plaintiffs later filed an opposition to the motion (Pls.' Swedish Resp. (dkt. # 99)). Finally, Swedish First Hill filed a Motion to Compel. (Dkt. # 72.) No response or reply was filed.

The Court held oral argument on all three motions on April 19, 2024. (Dkt. # 100.) Having considered the parties' submissions, oral argument, the governing law, and the balance of the record, the Court GRANTS Proliance Defendants' Motion (dkt. # 68), GRANTS Swedish Defendants' Motion (dkt. # 80), and DENIES as moot the Motion to Compel (dkt. # 72).

## II.    BACKGROUND

In 2016, Ms. Feis was struck by a motor vehicle, sustaining "severe spine and pelvis injuries[.]" (Am. Compl. at ¶ 44.) Hardware was implanted, including in her sacrum. (*Id.* at ¶ 50.) Plaintiffs allege Ms. Feis recovered completely from the 2016 injuries by late 2017. (*Id.* at ¶¶ 74-77, 85-94.)

Dr. Mayo performed surgery on Ms. Feis on February 4, 2019, removing the sacrum hardware that was implanted in 2016. (*See* Am. Compl. at ¶¶ 45, 50, 185; Bode Report (dkt. # 71-1) at 5.) On January 16, 2020, Dr. Boone implanted different sacrum hardware, which Plaintiffs allege was inappropriate for Ms. Feis's treatment. (Am. Compl. at ¶¶ 244-45; Bode Report at 7-8.)

Plaintiffs' medical expert, Dr. Kenneth Bode, M.D., reviewed Ms. Feis's medical records, noting that certain portions were missing. (Bode Report at 2.) Dr. Bode opined Dr.

Mayo "failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider" related to his "operative decision-making and preoperative workup[.]" (*Id.* at 11.) Specifically, Dr. Bode opined Dr. Mayo should have obtained more diagnostic information before proceeding with hardware removal. (*Id.* at 12.) Dr. Bode opined that, "as a proximate result of such failure, the plaintiff suffered damages" but did not identify any specific damages or provide any reasoning supporting his opinion. (*Id.* at 11.) With regard to whether Ms. Feis gave informed consent for the surgery, Dr. Bode did not have the documentation and thus was not able to determine if informed consent was obtained. (*Id.* at 12.)

Dr. Bode opined Dr. Boone "did not fail to exercise the degree of care, skill, and learning expected" in his "operative decision-making and preoperative workup, based on the provided documentation[.]" (Bode Report at 12.) Dr. Bode also opined Ms. Feis provided "informed consent" for the procedure. (*Id.*)

After reviewing additional medical records and other evidence, Dr. Bode submitted an addendum to his report. (Bode Suppl. Report (dkt. # 87-3) at 2.) Dr. Bode maintained his opinions that Dr. Mayo violated the standard of care, proximately causing damages, and that Dr. Boone did not violate the standard of care. (*Id.* at 15-16.) Dr. Bode also maintained his opinions regarding informed consent for each doctor. (*Id.* at 16.)

On April 5, 2024, Dr. Bode sat for a deposition. (*See* Dow Decl. (dkt. # 94) at ¶ 2, Ex. 1.) With regard to Dr. Mayo, Dr. Bode testified that he was not offering "any opinions as to damages or causation of that damages[.]" (*Id.*, Ex. 1 at 98:16-19.) With regard to Dr. Boone, Dr. Bode reiterated his opinions that Dr. Boone did not violate the standard of care and obtained informed consent. (Richards Decl. (dkt. # 97) at ¶ 1, Ex. 1 (dkt. # 97-1) at 111:8-20.)

1  Plaintiffs allege claims based on violation of the standard of care and lack of informed

2  consent. (*See* Am. Compl. at ¶¶ 12, 243-48, 282-84, 357.) Proliance Defendants contend

3  Plaintiffs have presented no competent expert testimony that Dr. Boone violated the standard of

4  care. Swedish Defendants contend Dr. Bode's reports are inadmissible and, in any case, fail to

5  establish negligence or proximate cause.

6  ### III.    DISCUSSION

7  ### A.    Summary Judgment Standard

8  Summary judgment is appropriate when the "movant shows that there is no genuine

9  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

10  Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party is

11  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

12  showing on an essential element of his case with respect to which he has the burden of proof.

13  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden

14  of showing the Court "that there is an absence of evidence to support the nonmoving party's

15  case." *Id.* at 325. The moving party can carry its initial burden by producing affirmative evidence

16  that negates an essential element of the nonmovant's case or by establishing that the nonmovant

17  lacks the quantum of evidence needed to satisfy its burden at trial. *Nissan Fire & Marine Ins.*

18  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The burden then shifts to the

19  nonmoving party to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v.*

20  *Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The Court must draw all reasonable inferences in

21  favor of the nonmoving party. *Id.* at 585-87.

22  Genuine disputes are those for which the evidence is such that a "reasonable jury could

23  return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 257. It is the nonmoving party's

responsibility to "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoted source omitted). The Court need not "scour the record in search of a genuine issue of triable fact." *Id.* (quoted source omitted); *see also* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record."). Nor can the nonmoving party "defeat summary judgment with allegations in the complaint, or with unsupported conjecture or conclusory statements." *Hernandez v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003); *see McElyea v. Babbitt*, 833 F.2d 196, 197-98 n.1 (9th Cir. 1987) (per curiam).

## B.    Informed Consent Claims

Informed consent claims require evidence that: (1) "the health care provider failed to inform the patient of a material fact or facts relating to the treatment;" (2) "the patient consented to the treatment without being aware of or fully informed of such material fact or facts;" (3) "a reasonably prudent patient under similar circumstances would not have consented to the treatment if informed of such material fact or facts;" and (4) "the treatment in question proximately caused injury to the patient." RCW 7.70.050(1). A plaintiff "must . . . establish[] by expert testimony" material facts such as the nature and anticipated results of treatment, alternatives, and serious risks. RCW 7.70.050(3).

Plaintiffs have provided no expert testimony that Dr. Mayo or Dr. Boone failed to inform Ms. Feis as to any material facts. With regard to Dr. Mayo's surgery, Dr. Bode stated he lacked the information "to make a determination regarding [Ms. Feis's] concerns of uninformed/ unnecessary procedures." (Bode Suppl. Report at 12.) Dr. Bode specifically opined Ms. Feis gave "informed consent" to Dr. Boone's surgery. (*Id.*) At his deposition, Dr. Bode confirmed it

1   was his "opinion that Dr. Boone obtained Ms. Feis's informed consent with respect to the

2   surgery he performed in January of 2020[.]" (Richards Decl., Ex. 1 at 14-17.)

3          At the hearing, Plaintiffs argued that Dr. Boone did not inform Ms. Feis that he would

4   implant an iFuse device, but Plaintiffs admit their own expert "stated that surgeons do not have

5   to disclose what hardware they will use during a surgery[.]" (Pls.' Swedish Resp. at 5.) Plaintiffs

6   assert that the iFuse manufacturer's "website is very clear that the patients must be informed,

7   they have a buddy system, they have insurance advocates[.]" (*Id.* at 4.) Plaintiffs fail to produce

8   any evidence in support of their assertion. "[A] party opposing a properly supported motion for

9   summary judgment may not rest upon the mere allegations or denials of his pleading, but must

10  set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248

11  (cleaned up). Such specific facts must be supported by "citing to particular parts of materials in

12  the record[.]" Fed. R. Civ. P. 56(c)(1)(A). Moreover, general information on a website is not

13  expert testimony as required to establish material facts such as the nature of treatment. RCW

14  7.70.050(3).

15         Plaintiffs have failed to make a sufficient showing that Ms. Feis was not informed of

16  material facts, an essential element with respect to which they have the burden of proof.

17  Accordingly, their informed consent claims are dismissed. *See Celotex Corp.*, 477 U.S. at

18  322-23.

19         **C.      Medical Negligence Claims**

20         "Medical negligence elements are 'duty, breach, causation, and damages.'" *Rounds v.*

21  *Nellcor Puritan Bennett, Inc.*, 147 Wn. App. 155, 162 (Wash. Ct. App. Div. 3, 2008).

22  "Specifically, the plaintiff must prove 'the injury resulted from the failure of the health care

23

1  provider to follow the accepted standard of care . . . [and][s]uch failure was a proximate cause of

2  the injury complained of.'" *Id.* (quoting RCW 7.70.040(1)) (alterations in original).

3      "[E]xpert testimony will generally be necessary to establish the standard of care and most

4  aspects of causation." *Harris v. Robert C. Groth, M.D., Inc., P.S.*, 99 Wn. 2d 438, 449 (Wash.

5  1983) (internal citations omitted); *see also Street v. Weyerhaeuser Co.*, 189 Wn. 2d 187, 199

6  (Wash. 2017) (requiring expert testimony to show medical causation); *Driggs v. Howlett*, 193

7  Wn. App. 875, 898 (Wash. Ct. App. Div. 3, 2016) ("A plaintiff must prove the relevant standard

8  of care through the presentation of expert testimony[.]").

9              *1.      Proliance Defendants*

10     Proliance Defendants contend Plaintiffs' claims against them must be dismissed because

11  Plaintiffs' sole medical expert, Dr. Bode, opined Dr. Boone "did not fail to exercise the degree of

12  care, skill, and learning expected of a reasonably prudent health care provider[.]" (Proliance Mot.

13  at 4 (quoting Bode Report at 12).) Dr. Bode's supplemental report, incorporating additional

14  records, continues to opine Dr. Boone did not deviate from the standard of care. (Bode Suppl.

15  Report at 15.) Moreover, Dr. Bode maintained at his deposition that Dr. Boone did not violate

16  the standard of care. (Proliance Suppl. Reply at 2; *see* Richards Decl., Ex. 1 at 114:11-17.) Dr.

17  Bode confirmed that it was his "opinion based on a medical certainty that Dr. Boone did not fail

18  to exercise the standard of care in this case with respect to his preoperative, interoperative, and

19  post- operative care of Ms. Feis[.]" (Richards Decl., Ex. 1 at 111:8-13.)

20     Plaintiffs have failed to produce a medical expert who opines Dr. Boone violated the

21  standard of care, causing injury to Ms. Feis. Plaintiffs argue the doctrine of *res ipsa loquitur*

22  applies here and thus expert testimony is not required. (Pls.' Swedish Resp. at 5-6 (citing

23  *Swanson v. Peterson*, 26 Wn. App. 2d 1009, 2023 WL 2756236 (Wash. Ct. App. Div. 1, 2023)).)

1   Under the doctrine of *res ipsa loquitur* in the medical malpractice context, sufficient

2   circumstantial evidence of negligence and causation to defeat summary judgment may be found

3   in certain very narrow situations, such as physicians "leaving foreign objects, sponges, scissors,

4   etc., in the body, or amputation of a wrong member[.]" *Swanson*, 2023 WL 2756236, at *3

5   (quoting *Curtis v. Lein*, 169 Wn. 2d 884, 891 (Wash. 2010)). In *Swanson*, after surgery "a

6   foreign object—a retained needle tip—was present in [the plaintiff's] rotator cuff." *Id.* at *4.

7   Plaintiffs argue the situation here is similar to *Swanson* because the hardware Dr. Boone

8   implanted is "an object that was left in the Plaintiff's body[.]" (Pls.' Proliance Resp. at 5.) The

9   hardware, however, is not a foreign body but the device that was intended to be implanted.

10   Plaintiffs have not shown that *res ipsa loquitur* applies here. Having failed to produce

11   evidence that Dr. Boone breached the standard of care, Plaintiffs' claims against Dr. Boone, and

12   by extension Proliance Orthopaedics & Sports Medicine, are dismissed.

13   　　　　　　　　　　　*2.*　　　*Swedish Defendants*

14   Swedish Defendants contend they are entitled to summary judgment because Dr. Bode's

15   opinions: (1) are not signed under penalty of perjury; (2) do not suffice to establish proximate

16   cause; (3) are inadmissible under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm., Inc.*,

17   509 U.S. 579 (1993); and (4) fail under Washington's "different course of treatment" doctrine.

18   (Swedish Mot. at 6-12.) On reply, Swedish Defendants contend Dr. Bode's deposition further

19   supports their motion, as Dr. Bode testified he would not provide an opinion as to causation of

20   damages. (Swedish Reply at 2, 8.) Plaintiffs contend they "can prove a prima facie case with the

21   medical records[.]" (Pls.' Swedish Resp. at 2.) The Court finds this matter can be resolved on the

22   issue of causation, and thus need not address Swedish Defendants' remaining arguments.

23

To prevail on a medical malpractice claim, an essential element is that a violation of the standard of care was "a proximate cause of the injury complained of." RCW 7.70.040(1). "Generally in a medical malpractice claim, a plaintiff needs testimony from a medical expert to establish two required elements—standard of care and causation." *Keck v. Collins*, 184 Wn. 2d 358, 361 (Wash. 2015); *see also Street*, 189 Wn. 2d at 199 (requiring expert testimony to show medical causation).

Dr. Bode's reports state that "as a proximate result of [Dr. Mayo's violation of the standard of care], the plaintiff suffered damages." (Bode Suppl. Report at 15.) This opinion fails to identify what injury Ms. Feis suffered as a result, and thus is insufficient to meet the statutory requirement to show that the malpractice proximately caused "the injury complained of." RCW 7.70.040(1).

Dr. Bode testified at deposition that he would not "offer[] any opinions regarding causation of damages[.]"(Dow Decl., Ex. 1 at 104:20-25; *see also id.* at 98:12-19.) Plaintiffs have not offered any other medical expert testimony regarding causation. While Plaintiffs assert that "the medical records" prove their case, they fail to produce any evidence in support of their assertion. (Pls.' Swedish Resp. at 2.)

At the summary judgment stage, Plaintiffs "may not rest upon . . . mere allegations or denials" but must provide "specific facts" in the record. *Anderson*, 477 U.S. at 248. Plaintiffs have not done so. Accordingly, their medical negligence claims against Dr. Mayo, and by extension Swedish First Hill, must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1)     Defendants Proliance Orthopaedics & Sports Medicine and Dr. Christopher Boone's Motion for Summary Judgment (dkt. # 68) is GRANTED.

(2)     Swedish First Hill and Dr. Keith Mayo's Renewed Motion for Summary Judgment (dkt. # 80) is GRANTED.

(3)     Swedish First Hill's Motion to Compel (dkt. # 72) is DENIED as moot.

(4)     This action is DISMISSED and any remaining pending motions stricken.

Dated this 24th day of April, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 10