UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LISA GUSTAFSON FEIS, *et al.*, | Case No. C23-462-MLP |
| Plaintiffs, | |
| v. | ORDER |
| KEITH MAYO, *et al.*, | |
| Defendants. | |

This matter is before the Court on Plaintiffs Lisa Gustafson Feis and Julien Feis' (together, "Plaintiffs") "Motion for Reconsideration, New Trial, and Amendment of Judgment Per CR 59." (Mot. (dkt. # 105).) Plaintiffs' Motion appears to be brought pursuant to Federal Rule of Civil Procedure ("Rule") 59. (*Id.* at 1.) However, because Plaintiffs include a request for reconsideration, the Court will additionally consider their Motion pursuant to Local Civil Rule ("LCR") 7(h).

Plaintiffs' Motion was filed on May 27, 2024. (Mot.) Under Rule 59, "[a] motion to alter or amend the judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Judgment was entered in this case on April 24, 2024, and thus Plaintiffs' Motion is untimely. (Dkt. # 102.) Plaintiffs state in the Motion that they "repeatedly tried to file

ORDER - 1

the Motion on 0[5]/22/2024[1] onward but had PACER and/or hotel network issues." (Mot. at 1.) This conclusory statement is insufficient to explain a five-day delay in electronic filing.

"[T]he court may construe an untimely motion for reconsideration brought under Rule 59(e) as a motion based on Rule 60(b)." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1120 (W.D. Wash. 2010). Even if the Court were to consider Plaintiffs' untimely Rule 59 Motion under Rule 60, Plaintiffs have not met the required standard. A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original).

The only "new evidence" Plaintiffs identify is that they discovered on May 22, 2024, that many of Ms. Feis' medical records were "recently deleted from the patient portals of Proliance & Overlake." (Mot. at 2.) Plaintiffs fail to explain how deletion of records around May 2024 is relevant to Plaintiffs' claims in this case filed in March 2023. (*See* dkt. # 1.) Accordingly, consideration of this evidence would be unlikely to change the Court's decision. *See Aronson*, 738 F. Supp. 2d at 1120 ("In order for evidence to be considered 'new' for the purposes of Rule 60(b), it must be of such a character that it would likely change the outcome of the court's prior decision.").

Plaintiffs also argue that "attorney misconduct" by the prevailing parties warrants reconsideration. (Mot. at 17.) They cite privacy violations and harassment during depositions. (*Id.*) Plaintiffs fail to explain why this behavior warrants amending the Court's Order or Judgment, which were not based on counsel's behavior. The Court concludes Plaintiffs have failed to establish any grounds for relief under Rule 59 or Rule 60.

---

[1] Plaintiffs state they tried to file on "04/22/2024" but this must be a typographical error. (Mot. at 1; *see id.* at 22 ("attempted 05/22").)

ORDER - 2

Considered under LCR 7(h), Plaintiffs' Motion is untimely. LCR 7(h)(2) (A motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed."). In any case, under LCR 7(h)(1), motions for reconsideration are disfavored in this district. Such motions will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier without reasonable diligence." LCR 7(h)(1). Plaintiffs' Motion does not show manifest error in the Court's prior Order or Judgment, nor does it identify any new facts or legal authority that could not have been brought to the Court's attention with reasonable diligence. Accordingly, Plaintiffs' Motion for Reconsideration (dkt. # 105) is DENIED.

Dated this 5th day of June, 2024.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 3